UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RAYMOND MCGRAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01459-TWP-MPB |
| | ) | |
| CORIZON HEALTH CARE SERVICES, | ) | |
| PENDLETON CORRECTIONAL FACILITY, | ) | |
| DUSHAN ZATECKY, | ) | |
| ALSIP, | ) | |
| EDWARDS, | ) | |
| VANDINE, | ) | |
| MCKINNIE, | ) | |
| MASON, | ) | |
| FRANCUM, | ) | |
| MCCULLOUGH, | ) | |
| TALBOT, | ) | |
| WELDERS, | ) | |
| SIMPSON, | ) | |
| ROSE, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Amended Complaint, Dismissing Certain Claims
and Directing Further Proceedings**

**I. Screening Standard**

The plaintiff, Raymond McGraw ("McGraw") is a prisoner currently incarcerated at Miami Correctional Facility. Because McGraw is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation to screen his complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when

addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by McGraw are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Complaint

The Amended Complaint alleges that McGraw's Eighth Amendment right to constitutionally adequate medical care was violated when he was an inmate at Pendleton Correctional Facility ("Pendleton"). He brings his claims against 12 individual defendants, as well as, Corizon Health Care Services and Pendleton Correctional Facility.

McGraw explains that on September 14, 2015, he had back surgery at Ball Memorial Hospital in Muncie, Indiana. Following surgery he was housed at the infirmary at Pendleton. Between September 15 and September 19, 2015, McGraw's wound was not drained as required every 10 to 12 hours. As a result, he developed a fever and infection.

On September 18, 2015, Dr. Talbot saw McGraw for his fever and back infection and stated that he would give McGraw three antibiotic shots and then start him on antibiotic capsules on September 22, 2015, when McGraw was released from the infirmary. He never received the shots and was finally provided the oral antibiotics on September 25, 2015.

On September 20, 2015, the drain was removed from McGraw's back leaving an open wound. He was released from the infirmary with the wound, infection and fever. Dr. Talbot did

not provide written instructions that McGraw was to change his dressing, and clean and rinse the wound, twice a day.

On September 25, 2015, Nurse Rose removed half of McGraw's staples/stitches in a room in the cell house. She didn't take the time to remove them completely. From September 21, 2015 through October 30, 2015, (with the exception of October 12, 2015 when a nurse changed the dressing) McGraw had to change his own back bandages using toilet paper 5-6 times a day. He wasn't able to rinse and clean the infection on his back by himself. He wrote letters to Mrs. Welder and Mrs. McCullough. He also filed grievances, but Mrs. Francum would not allow McGraw to complete the grievance process.

On October 12, 2015, Dr. Talbot didn't look at or examine McGraw's infection or wound. Dr. Talbot did, however, prescribe Keflex antibiotics for 10 days for the infection and stated that he would renew McGraw's pain pills. McGraw did not receive these medications. Dr. Talbot wrote an order for McGraw to change his own bandages but he was not provided tape or bandages.

On October 16, 2015, McGraw was seen by the surgeon at a follow up appointment. The staples and stitches Nurse Rose didn't remove on September 25, 2015, were removed. The wound was rinsed, cleaned, packed and new dressing was placed. McGraw was given a shot for the infection and an order was written to Dr. Talbot to start McGraw on medications including Cipro 500 mg and to clean the wound and change dressings daily.

Eleven days later, on October 27, 2015, McGraw's infected wound was examined for the first time by Dr. Talbot. Dr. Talbot then prescribed Cipro 500 mg and other medications. Again, McGraw did not receive these medications.

On October 30, 2015, McGraw was seen in the infirmary. He was given a shot for the infection. The wound was cleaned, rinsed, packed and dressed.

On or about October 30, 2015, McGraw was transferred to New Castle Correctional Facility to receive further treatment for his infected wound that was one and a half inches wide and an inch deep.

On December 30, 2015, McGraw was returned to Pendleton. The infection was better but still present. The wound was the size of a dime. McGraw believes he was returned to Pendleton so that he could be subjected to Dr. Talbot's deliberate indifference in retaliation for filing grievances and in an effort to get McGraw to refuse medical treatment.

On January 11, 2016, Dr. Talbot prescribed–and McGraw received–Bactrim and Minocycline for the infection. He had an allergic reaction to these antibiotics. The medications caused him to shake uncontrollably, slobber at the mouth, and loose his voice.

On January 14, 2016, Nurse Simpson and Officer Edwards tried to give McGraw medication that wasn't prescribed to him. McGraw refused these pills. McGraw then tried to refuse the dressing change. While handcuffed and sitting on the bed he was beaten by Officer Edwards who jumped on the bed and slammed her knees into his stomach.

That same day, McGraw spoke with Captain Mason about his treatment. Sgt. Vandine and Sgt. McKinnie pulled Captain Mason to the side and told him something. Captain Mason then left. McGraw sought protective custody from Captain Mason, Sgt. Vandine, Sgt. McKinnie and Officer Edwards. His request was denied.

The next day, on January 15, 2016, McGraw was hospitalized at St. Vincent Anderson Hospital for hives, sepsis, back infection and open wounds. An emergency surgery was performed

and he was treated for the allergic reaction that occurred as the result of him taking Bactrim and Minocycline at the same time as prescribed by Dr. Talbot.

McGraw alleges that he was retaliated against and targeted out of racial animus. He alleges that Corizon, Pendleton and Dr. Talbot refused to pay for his back surgeries after they learned McGraw was going to file a lawsuit against them. McGraw was sent the bill for his surgeries.

### III. Dismissal of Claims

Applying the standard set forth above to the allegations in the complaint the following claims are dismissed.

#### A. Superintendent Zatecky and Assistant Superintendent Alsip

The claim that Superintendent Zatecky, Assistant Superintendent Alsip, and Sgt. Vandine failed to provide McGraw with adequate medical care are dismissed. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago,* 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Whether supervisory personnel at a prison are sufficiently involved in an alleged constitutional violation such that they may be liable for damages often depends on that person's knowledge of, and responsibilities regarding, the alleged harm. But "inaction following receipt of a complaint about someone else's conduct is not a source of liability." *Estate of Miller by Chassie v. Marberry*, 847 F.3d 425, 428-429 (7th Cir. 2017). The factual allegations in the amended complaint suggest

5

that these supervisory defendants had generalized knowledge of McGraw's medical issues and failed to act. These allegations are insufficient to state a claim. *See Olive v. Wexford Corp.*, 494 Fed. Appx. 671, 673 (7th Cir. 2012) ("[The plaintiff] does contend that he complained to [the head of the prison medical department] Shicker about [his treating doctor's] decisions and that Shicker did not intervene to help him. But both *Iqbal* and *Burks* hold that a supervisor is not liable just because a complaint is made and an effective solution is not forthcoming.").

### B. Pendleton Correctional Facility

The claim that Pendleton Correctional Facility is liable to McGraw for failing to intervene in the on-going provision of inadequate medical care is dismissed. Pendleton Correctional Facility is not a "person" subject to suit pursuant to 42 U.S.C. § 1983.

### C. Grievance Officer Francum

The claim that Grievance Officer Francum is liable to McGraw for failing to log, scan or download McGraw's grievances so that he could exhaust his administrative remedies is dismissed. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court. Prison staff having the responsibility of providing prisoners with a meaningful opportunity to raise grievances cannot refuse to facilitate that process and then later argue that the prisoner did not comply with procedures or file in a timely manner. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The PLRA's exhaustion requirement does not, however, create a freestanding right under federal law to access the administrative remedy process. The Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). As explained in *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id*. at 1430-31(internal citations omitted). Because McGraw had no expectation of a particular outcome of his grievances or complaints there is no viable claim which can be vindicated through 42 U.S.C. § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under § 1983).

McGraw further alleges that Grievance Officer Francum retaliated against him for filing grievances against her and that she discriminated against him based on his skin color in violation of the Equal Protection Clause of the Fourteenth Amendment. There are no factual allegations to support these claims and they are dismissed on this basis.

**D. John Doe Defendants**

Claims against all unknown John Doe defendants are **dismissed for failure to state a claim upon which relief can be granted** because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit. If through discovery,

McGraw is able to learn the name of the unknown defendants, he may seek leave to add a claim against them.

### E. Sgt. Vandine, Sgt. McKinnie and Captain Mason

The claim against Captain Mason, Sgt. Vandine, and Sgt. McKinnie is that they failed to protect McGraw by not placing him in protective custody on January 14, 2016. To state a claim for failure to protect, McGraw needs to allege that (1) the defendants' denial of his request to be moved to protective custody at Pendleton posed a substantial risk of serious harm and (2) the defendants acted with deliberate indifference to that risk. *See Farmer*, 511 U.S. at 834, 837; *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). Damages for "a deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence," *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir.2000), or fear of an unrealized attack, *see Babcock v. White*, 102 F.3d 267, 270 (7th Cir. 1996).

The failure to protect claim raised in the amended complaint must be dismissed because McGraw suffered no further injury that protective custody could have prevented following the assault by Officer Edwards. Instead, he was hospitalized the next day at an outside hospital. It is for this reason that defendants Captain Mason, Sgt. Vandine, and Sgt. McKinnie are dismissed from this action for failure to state a claim upon which relief may be granted. The dismissal of this specific claim also applies to Nurse Simpson and Officer Edwards. In addition, there is no plausible basis to conclude that the failure to place McGraw in protective custody during this short time period was a result of racial animus.

### IV. Claims that Shall Proceed

### A. Corizon Health Care Services

The claim that Corizon was negligent and deliberately indifferent to McGraw's medical care shall proceed. The ongoing and repeated failure to deliver prescribed medications to an inmate reflects an unconstitutional policy or practice.

**B. Officer Edwards**

McGraw alleges that while handcuffed and sitting on the bed he was beaten by Officer Edwards who jumped on the bed and slammed her knees into his stomach. This Eighth Amendment claim of excessive force shall proceed against Officer Edwards.

**C. Nurse Simpson**

McGraw alleges that Nurse Simpson was deliberately indifferent by failing to provide him with constitutionally adequate medical care and medications for his infected wound and for failing to protect him from the attack by Officer Edwards. These claims shall proceed.

**D. Nurse Rose**

Nurse Rose was allegedly deliberately indifferent to McGraw's serious medical needs when she failed to properly treat McGraw's wound on September 25, 2015. This claim shall proceed.

**E. Dr. Talbot and Health Services Administrators McCullough and Welders**

McGraw alleges that Health Services Administrators McCullough and Welders (collectively "HSAs") and Dr. Talbot are liable to him for three reasons. First they failed to provide him with adequate medical care and medication in violation of his Eighth Amendment rights. Specifically as to the HSAs they failed to timely respond to his requests for medical care and to follow through on the doctor's orders. Second, McGraw alleges that the HSAs and Dr. Talbot retaliated against him for filing grievances against them in violation of his First Amendment rights.

9

Specifically, the HSAs and Dr. Talbot had McGraw transferred to Miami Correctional Facility for treatment of his serious medical needs. Finally, he claims that the HSAs violated his due process rights "by making him pay for his back surgery when Plaintiff is a ward of the State of Indiana due to his Department of Correction sentence of 40 years." Dkt. 10 at p. 6.

This summary of remaining claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the amended complaint, but not identified by the Court, he shall have **through August 13, 2018,** in which to identify those claims.

## V. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

## VI. Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Officer Edwards and Nurse Rose in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on May 24, 2018, (docket 10), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk is designated** to serve the Indiana Department of Correction employee electronically.

Corizon Health Care Services, Ms. McCullough, Dr. Talbot, Mrs. Welders, and Nurse Simpson have appeared by counsel and shall have through August 24, 2018, to file an answer to the amended complaint.

### VII. Summary

In this Entry the Court screened the amended complaint. Claims against Superintendent Zatecky, Assistant Superintendent Alsip, Pendleton Correctional Facility, Grievance Officer Francum, John Doe, Captain Mason, Sgt. Vandine, and Sgt. McKinnie are dismissed. The **clerk is directed** to terminate these defendants on the docket.

Claims against Corizon Health Care Services, Officer Edwards, Nurse Simpson, Nurse Rose, Dr. Talbot, Ms. McCullough and Ms. Welders were identified and shall proceed. The clerk shall issue process to Officer Edwards and Nurse Rose. Those defendants that have already appeared by counsel have through August 24, 2018, in which to answer or otherwise respond to the amended complaint.

**IT IS SO ORDERED.**

Date: 7/23/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RAYMOND MCGRAW
883037
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 W. South 250
Bunker Hill, IN 46914

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Adriana Katzen
BLEEKE DILLON CRANDALL ATTORNEYS
adriana@bleekedilloncrandall.com

Nurse Rose – MEDICAL EMPLOYEE
PENDLETON CORRECTIONAL FACILITY
4490 West Reformatory Road
PENDLETON, IN 46064

Electronic service to:
    Officer Edwards
    (At Pendleton Correctional Facility)